IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANICE ELAINE BUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:20-cv-00590 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| KILOLO KIJAKAZI,[1] | ) | MAGISTRATE JUDGE FRENSLEY |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Janice Elaine Button brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of her application for disability insurance benefits under Title II of the Social Security Act. On July 22, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 23), recommending the Court affirm the Commissioner's decision and deny Plaintiff's Motion for Judgment on the Administrative Record. Plaintiff filed objections to the Report and Recommendation (Doc. No. 24), to which the Commissioner responded (Doc. No. 25).

### I. PROCEDURAL HISTORY

Plaintiff Janice Elaine Button filed an application for Supplemental Security Income on February 21, 2018, alleging that she had been disabled since March 7, 2013, due to severe anxiety, ovarian cyst, and fibromyalgia. Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested and received a hearing before an Administrative

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. The Clerk is directed to substitute Kilolo Kijakazi for Andrew Saul as Defendant in this matter.

1

Law Judge ("ALJ"). The hearing was held on July 23, 2019. The ALJ issued an unfavorable decision on August 6, 2019.

The Magistrate Judge reviewed the Administrative Record[2] and the parties arguments. Specifically, the Magistrate Judge considered Plaintiff's assertions of error that the administrative law judge failed to adequately consider Plaintiff's physical and mental impairments, failed to adequately develop the record, and articulated a residual functional capacity that was more restrictive than the hypothetical question posed to the vocational expert at the hearing. (*See* R&R, Doc. No. 23). The Magistrate Judge concluded the ALJ did not commit any legal errors in the process of reaching the decision and that the decision that Plaintiff is not disabled within the meaning of the Social Security Act and Regulations is supported by substantial evidence. (*Id*.). The Magistrate Judge issued a Report and Recommendation (Doc. No. 23) recommending the Court affirm the decision of the Commissioner and deny Plaintiff's motion for judgment on the administrative record.

## II. STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole

---

[2] The Administrative Record is filed at Docket Entry 18. For ease of reference, the Administrative Record is cited as "AR [page number]."

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

### III. ANALYSIS

Although Plaintiff does not identify any specific objections to the Report and Recommendation, she generally raises concerns regarding the Administrative Law Judge's reliance on answers to hypothetical questions posed to the vocational expert, the amount of time the administrative law judge and vocational expert spent with her before determining her ability

3

to work, the consideration of the testimony of Dr. William O'Brien, and the failure to recognize that anxiety is often without physical symptoms.[3]

A.      **The Use of Hypothetical Questions Posed to the Vocational Expert**

Plaintiff does not explain her objection to the use of the word "hypothetical" in the Report and Recommendation. However, based on her claims of error, the Court surmises that her objection is with regard to the hypothetical questions posed to the vocational expert.

The Magistrate Judge correctly stated that an ALJ may rely on the testimony of a vocational expert in response to a hypothetical question as evidence of the existence of a substantial number of jobs that the claimant is capable of performing as long as the hypothetical question accurately represents the claimant's credible limitations. *See Varley v. Sec'y of Health & Human Svcs*., 820 F.2d 777, 779 (6th Cir. 1987). The Magistrate Judge carefully considered the hypotheticals posed to the vocational expert and found that they accurately reflected the limitations the ALJ found credible, consistent with, and supported by, the evidence of record. (Doc. No. 23 at 26 (citing AR 53-55). The ALJ's finding of residual functional capacity was not more restrictive than the hypothetical questions posed to the vocational expert. (*See* AR 15, 53-55). Accordingly, it was not in error for the ALJ to rely upon this testimony.

---

[3]     Plaintiff's objections state:
> I see the word "hypothetical" is used numerous times. No two people are the same. The judge (ALJ) and [Vocational Expert] saw me for maybe an hour. How do you know someone's struggles or anything about them in that length of time. … Also it is well documented that Dr. William O'Brien's testimony was given under false truth he wasn't licensed anymore. So under the law my case should have been overturned in my favor automatically. Anxiety is a hidden illness …

(Pl. Objections, Doc. No. 24).

B.  **Duration of the Hearing**

Plaintiff appears to take issue with the length of the hearing, contending that the ALJ and vocation expert could not fully consider her "struggles" in that amount of time. The ALJ's opinion shows that the decision was based not only on hearing testimony, but on careful consideration of the entire record, including more than 600 pages of medical records. (*See* AR 23-26). Plaintiff has not pointed to specific evidence that was not considered or identified how the record would have been more fully developed with a lengthier hearing. Accordingly, the Court finds this objections without merit.

C.  **Testimony of Dr. William O'Brien**

Plaintiff objects to the consideration of testimony by Dr. William O'Brien because Dr. O'Brien was not licensed to practice medicine at the time of his testimony. As discussed in the Report and Recommendation, the findings of Dr. O'Brien were not considered by the Administrative Law Judge in this case. (AR 8-26). Dr. O'Brien's findings were considered in a prior application for disability benefits for which Plaintiff received an unfavorable ruling in March 2013. (AR 62-81). That ruling is not now before the Court. There being no indication that the Administrative Law Judge relied upon the findings of Dr. O'Brien with regard to the current application for disability benefits, this objection is overruled.

D.  **Failure to Consider Mental Impairment**

Plaintiff claims the ALJ failed to consider that anxiety is a hidden disease. As stated by the Magistrate Judge, the ALJ determined Plaintiff suffered from the following severe impairments: fibromyalgia, vision deficits, persistent depressive disorder, and generalized anxiety disorder. (*See* Doc. No. 23 at 10 (citing AR 13)). Contrary to Plaintiff's assertion, the record shows that the ALJ considered Plaintiff's mental impairments, specifically Plaintiff's allegations of severe anxiety,

loss of memory, shaking and twitching, crying spells, and being around people.(AR 16), and Dr. Jerry Campbell's diagnosis of generalized anxiety disorder, mild persistent depressive disorder, and alcohol use disorder in sustained remission. (AR 19-20). The ALJ found Dr. Campbell's assessment persuasive, but lacking in consistency given his determination that Plaintiff has moderate mental limitations in all areas of mental functioning while also concluding she has mild limitations in her ability to perform complex and detailed tasks. (*Id*.). The ALJ also noted that Plaintiff has not received mental health treatment in several years and has never been hospitalized for anxiety. (*Id*.). The record shows that the ALJ afforded proper consideration to Plaintiff's allegations and the medical opinions and explained her reasons for her determination regarding the persuasiveness of the medial opinions. *See* 20 C.F.R. § 416.920c.

In light of the foregoing, Plaintiff's objection that the ALJ failed to adequately consider her anxiety is without merit.

## IV. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Plaintiff's Objections are **OVERRULED**. Accordingly, the Report and Recommendation is **ADOPTED** and **APPROVED**, and Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 20) is **DENIED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE